**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY ROY WILSON,

       Petitioner - Appellant,

  v.

JEFF LYNCH,

       Respondent - Appellee.

No. 24-2525

D.C. No.
5:22-cv-06042-PCP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
P. Casey Pitts, District Judge, Presiding

Argued and Submitted October 6, 2025
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT, District Judge.[**]

Anthony Roy Wilson appeals the district court's denial of his federal habeas

petition under 28 U.S.C. § 2254. He seeks relief from his 2019 California conviction

for second-degree murder and being a felon in possession of a firearm. He raises

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

three issues with the California Court of Appeal's (CCA) decision to uphold his conviction and sentence.[1] We review the district court's denial of the petition de novo, but with the significant deference owed state court decisions under the Antiterrorism and Effective Death Penalty Act's (AEDPA) amendments to § 2254. *Frye v. Broomfield*, 115 F.4th 1155, 1161–62 (9th Cir. 2024) (citing *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011)). We grant habeas relief from a state court decision only when the decision was "'objectively unreasonable,'" *Catlin v. Broomfield*, 124 F.4th 702, 722 (9th Cir. 2024) (quoting *Fauber v. Davis*, 43 F.4th 987, 996–97 (9th Cir. 2022)), and "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Hampton v. Shinn*, 143 F.4th 1047, 1061 (9th Cir. 2025) (citing *Harrington*, 562 U.S. at 102).  We have jurisdiction under 28 U.S.C. § 1291 and § 2253. We affirm the district court.

*First*, the CCA did not unreasonably apply clearly established federal law in determining that there was no prosecutorial misconduct in Wilson's trial. A prosecutor's misconduct is constitutional error when it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v.*

---

[1] The district court issued certificates of appealability (COA) as to Wilson's first two issues on appeal: prosecutorial misconduct and denial of the mistrial motion. The district court did not issue a COA for Wilson's third issue—that the prosecutor violated Wilson's Sixth Amendment right to confront the witnesses against him.

*Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Wilson testified in his own defense at his trial for the murder of Anthony Stevens. During cross-examination, the prosecutor asked Wilson whether Kermit Tanner, who was also charged for the murder, had told Wilson that Stevens was carrying a gun before Wilson approached Stevens and killed him. Specifically, the prosecutor asked Wilson, "Isn't it true that Kermit Tanner had already told you all, 'Dude has a hammer'?" Shortly after asking this question, the prosecutor introduced to the jury a transcript of five jail calls Wilson had made while awaiting trial, in which he discussed his pending case.

Under AEDPA's deferential standard of review, a fairminded jurist could conclude that the prosecutor's inclusion of the "dude has a hammer" statement in a cross-examination question and the presentation to the jury of the jail call transcript did not so infect Wilson's trial with unfairness as to make his conviction a denial of due process. Likewise, a fairminded jurist could conclude that the trial court's interview of each juror and admonition that the jury "completely disregard" both the prosecutor's questions and the jail call transcript were sufficient curative steps to ensure that Wilson was not deprived of due process. Therefore, habeas relief is not proper on this issue.

*Second*, the CCA did not make any unreasonable factual determinations in deciding that the trial court had properly denied Wilson's motion for mistrial.

Section 2254(d)(2) dictates that a federal court "may only hold that a state court's decision was based on an unreasonable determination of the facts," and thus grant a habeas petition, if it is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Pizzuto v. Yordy*, 947 F.3d 510, 523 (9th Cir. 2019). The CCA did not unreasonably determine any facts when it concluded that the trial court's jury admonition sufficiently cured any prejudice that might have been created by the prosecutor's "dude has a hammer" question and the presentation to the jury of the jail call transcripts.

*Third*, Wilson raises an uncertified issue and alleges that the CCA unreasonably applied clearly established federal law in finding no violation of his Sixth Amendment right to confront the witnesses against him. Our review of a district court's denial of a habeas corpus petition is limited to those claims for which the district court granted a certificate of appealability (COA). 28 U.S.C. § 2253(c). We treat Wilson's briefing as a motion to expand the COA. Cir. R. 22-1(e). We grant the motion "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard if "reasonable jurists could debate whether" the district court should have resolved the habeas petition differently or if the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000)). We do not expand the COA here, as Wilson cannot make a substantial showing of the denial of a constitutional right.[2]

For these reasons, the district court's decision is AFFIRMED.

---

[2] The Sixth Amendment forbids the admission of testimonial hearsay of an absent witness unless she is unavailable to testify and the defendant had a prior opportunity to cross-examine her. *Smith v. Arizona*, 602 U.S. 779, 783 (2024) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)). Given the district court's correct application of AEDPA deference, Wilson cannot show the denial of a constitutional right on this uncertified issue because the prosecutor's introduction of the "dude has a hammer" statement could reasonably be found to have been offered for its effect on the listener, not for its truth. This would defeat any claim of a Confrontation Clause violation, because the Clause applies only to hearsay and statements offered for their effect on the listener are not hearsay.